UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DEAN BYARS,

    Petitioner,

v.                                                    Case No. 18-13215
                                                   Honorable Linda V. Parker

RANDEE REWERTS,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, MOTION FOR APPOINTMENT OF COUNSEL, A CERTIFICATE OF APPEALABILITY, AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

Michigan prisoner James Dean Byars ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as a motion for appointment of counsel. Petitioner is challenging his conviction for first-degree criminal sexual conduct (person under 13) in violation of Michigan Compiled Laws § 750.520b(1)(a), which arose following a jury trial in the Circuit Court for Alpena County, Michigan. In 2013, the trial court sentenced Petitioner as a third habitual offender to a term of imprisonment of twenty to forty years. In his pleadings, Petitioner raises claims concerning the admission of other acts evidence, the exclusion of the victim's psychological report, and the effectiveness

of trial counsel for not objecting to allegedly improper testimony and prosecutorial misconduct and for not impeaching the victim with a recorded forensic interview.

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to habeas relief on his claims. Accordingly, the Court is denying with prejudice the petition for a writ of habeas corpus. The Court also is denying Petitioner a certificate of appealability and leave to proceed in forma pauperis on appeal.

## II. Facts and Procedural Background

Petitioner's conviction arises from his digital penetration of a six-year old girl when he was visiting her home in Alpena County, Michigan in 2002. At trial, the victim, who was then 18-years old, testified about the incident. Petitioner's defense was that the victim had mental health issues and made up the incident to please her therapist.

On July 23, 2013, following his conviction and sentencing, Petitioner filed a pro per motion for new trial with the trial court, which was neither noticed nor heard. Shortly thereafter, the trial court appointed appellate counsel and an appeal was apparently filed with the Michigan Court of Appeals. Sometime thereafter, Petitioner voluntarily moved to dismiss his direct appeal, and the Michigan Court of Appeals dismissed his appeal on December 26, 2013. *People v. Byars*, No. 317426 (Mich. Ct. App. Dec. 26, 2013) (ECF No. 1 at Pg ID 7).

On February 18, 2016, Petitioner filed an amended motion for new trial with the state trial court asserting ineffective assistance of counsel and violations of his due process rights and the ex post facto clause. The trial court denied the motion, ruling that it had been abandoned. *People v. Byars*, No. 12-004965-FC (Alpena Cty. Cir. Ct. Mar. 15, 2016) (ECF No. 1 at Pg ID 8-10). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which the court denied for lack of merit in the grounds presented. *People v. Byars*, No.

3

332326 (Mich. Ct. App. July 1, 2016) (ECF No. 1 at Pg ID 11).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied in a standard order but without prejudice to Petitioner filing a motion for relief from judgment pursuant to Michigan Court Rule 6.500 et seq. *People v. Byars*, 893 N.W.2d 338 (Mich. 2017).

Petitioner thereafter filed a motion for relief from judgment with the state trial court.  Petitioner raised several claims in his motion, including claims concerning appellate counsel's failure to notice his pro per motion for new trial for a hearing, the timeliness of the prosecution's witness list, the admission of other acts evidence, and the effectiveness of counsel for failing to impeach a witness with prior inconsistent statements.  The trial court denied relief on those claims on the merits and for failure to establish good cause and actual prejudice under Michigan Court Rule 6.508(D)(3).  *People v. Byars*, No. 12-004965-FC (Alpena Cty. Cir. Ct. Jan. 11, 2018) (ECF No. 1 at Pg ID 14-17).  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which the court denied for failure to establish that the trial court erred in denying the motion for relief from judgment.  *People v. Byars*, No. 342155 (Mich. Ct. App. July 18,

2018) (ECF No. 1 at Pg ID 18).  Petitioner apparently did not pursue a timely appeal with the Michigan Supreme Court.[1]

Petitioner signed and dated his federal habeas petition on October 9, 2018.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern this case.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a

---

[1] Petitioner does not indicate that he sought leave to appeal with the Michigan Supreme Court and did not attach any such decision to his filing in this Court (although he attached other decisions).  The Court's research reveals no such filing.

5

decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n.7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

## IV. Discussion

Petitioner first attempted to raise a portion of his habeas claims (concerning the effectiveness of counsel) in his amended motion for new trial. The state trial court deemed the motion for new trial abandoned and did not rule on the claims. The state appellate courts then denied leave to appeal, with the Michigan Supreme Court denying leave to appeal without prejudice to Petitioner filing a motion for relief from judgment. Consequently, Petitioner did not properly present and exhaust those claims in the state courts during his motion for new trial proceedings. *See, e.g., Fitchett v. Perry*, 644 F. App'x 485, 489 (6th Cir. 2016) (ruling that habeas claim was unexhausted and procedurally defaulted where the state court had determined that the claim was abandoned). Rather, Petitioner first properly presented his habeas claims to the state courts in his motion for relief from judgment. Those claims were not fully exhausted in the state courts, however, and are now procedurally defaulted such that they cannot provide a basis for federal habeas relief.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160

(6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Furthermore, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to show that he properly exhausted his habeas claims in the state courts. While he seems to have raised his habeas claims in his motion for relief from judgment before the trial court and then filed a delayed application for leave to appeal with the Michigan Court of Appeals, he did not seek leave to appeal with the Michigan Supreme Court. His claims are therefore unexhausted. Moreover, Petitioner no longer has an available means by which to exhaust his

claims since he already filed a motion for relief from judgment with the state trial court. Any attempt to file a second motion for relief from judgment would be futile. Under Michigan Court Rule 6.502(G)(1), a defendant cannot file a second or subsequent motion for relief from judgment in the state trial court unless the defendant can show a retroactive change in the law or new evidence that was not discovered before the first motion. *See Gadomski v. Renico*, 258 F. App'x 781, 783 (6th Cir. 2007) (citing MCR 6.502(G)(1). Petitioner's unexhausted claims do not fall within the exceptions for filing a second motion.

Because Petitioner did not fully exhaust his claims in the state courts and no longer has an available remedy to do so, the claims are now defaulted. When a habeas petitioner fails to properly present a claim to the state courts and is barred from pursuing further relief under state law, the petitioner has procedurally defaulted the claim for purposes of federal habeas review. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief is precluded on claims which have not been presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged

9

constitutional violation or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner neither alleges nor establishes cause to excuse this procedural default. Any failings by appellate counsel regarding Petitioner's motion for new trial and/or direct appeal do not excuse Petitioner's failure to properly exhaust his habeas claims in the Michigan Supreme Court on collateral review. Moreover, a prisoner's pro se status or lack of knowledge about state court rules does not constitute cause to excuse a procedural default. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995) (citing *Ewing v. McMackin*, 799 F.2d 1143, 1151 (6th Cir. 1986)). Because Petitioner fails to establish sufficient cause to excuse his procedural default, the Court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with *new* reliable evidence that was not presented

at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no such showing. His claims are thus barred by procedural default and do not warrant habeas relief.

**V. Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Therefore, the Court is denying as moot his motion for the appointment of counsel. To appeal this decision, Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).

A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue only if jurists of reason would find it debatable whether

the petitioner states a valid claim of the denial of a constitutional right and whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists could debate the correctness of the Court's procedural ruling. Therefore, the Court is denying Petitioner a certificate of appealability. The Court also is denying Petitioner leave to appeal in forma pauperis because any appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion for the appointment of counsel is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability and leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 12, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 12, 2018, by electronic and/or U.S. First Class mail.

                                                  s/ R. Loury
                                                  Case Manager